IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUIS RANGEL FRIAS, #14131078, aka MARIO EDUARDO PEDRAZA, Plaintiff, v. DANIEL MEADE, Defendant. | § § § § § § § § | 3:13-CV-2007-N-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On May 28, 2013, Plaintiff, a *pro se* federal prisoner, filed his *Request to File Foreign Judgment* against Daniel Meade, an ATF Agent. (Doc. 3). The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.[1]

**I. ANALYSIS**

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law

---

[1] Contemporaneously with this action, Plaintiff filed a similar *Request to File Foreign Judgment* against Edwin Vernon King, Jr., his defense counsel. *See Frias v. King*, No. 3:13-CV-1970-N-BN (N.D. Tex., 2013) (pending screening). A review of federal court records reflect that Plaintiff was convicted of conspiracy to possess with intent to manufacture and distribute methamphetamine and possession of a firearm in furtherance of drug trafficking crime, and was sentenced to 195 months' imprisonment. *United States v. Luis Rangel Frias*, No. 4:06-CR-11 (E.D. Tex. Aug. 14, 2007).

or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  A court may also dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers).  Even under this most liberal construction, however, Plaintiff's action is frivolous.  Plaintiff's *Request to File Foreign Judgment* for $5,000,000 against Defendant Meade, an ATF agent, lacks any legal or factual basis.  (Doc. 3 at 1).  Plaintiff, a federal prisoner, is clearly not a "secured party creditor" and Agent Meade is not a "debtor" by virtue of an apparent federal criminal judgment.  (Doc. 3 at 3).  Because Plaintiff's contentions are clearly baseless, his complaint should be dismissed with prejudice as frivolous.[2]

## II. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED** with prejudice as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).  The dismissal under sections

---

[2] Although Plaintiff has not responded to the Court's questionnaire (Doc. 4), which was twice mailed to him, the *Request to file Foreign Judgment* provides a sufficient basis for dismissal as set out above.

1915(e)(2)(B) and 1915A(b) will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).³

SIGNED August 27, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

³ Section1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."